**The below described is SIGNED.**

Dated: September 26, 2005 — *William J. Thurman*
                             **WILLIAM T. THURMAN**
                             **U.S. Bankruptcy Judge**



---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

|  |  |
|---|---|
| In re: | |
| **Kenneth L. Perry,** | Bankruptcy Number 03-29228 |
| Debtors. | Chapter 7 |
| | |
| Elizabeth Loveridge, Plaintiff, | Adversary Proceeding No. 05-2183 |
| v. | Judge: William T. Thurman |
| The Ark of Little Cottonwood, Inc., Defendant. | |

## MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS

The matter before the Court is the Defendant's Motion to Dismiss under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.   A hearing was conducted before the Honorable William T.

Thurman, Bankruptcy Judge, on September 14, 2005 at 10:30 a.m, in his courtroom in Salt Lake City,

Utah.  Present were David Williams, counsel for the Chapter 7 Trustee, and Jerome Romero, counsel

for the Defendant.  The Court submits this Memorandum Decision, which will constitute its findings of

fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.[1]

The Trustee in this case claims that Debtor's use of credit on a credit card account with MBNA

was a transfer of an interest of the debtor in property.  Under 11 U.S.C. §§ 547 and 548 a chapter 7

Trustee may avoid only a transfer if, as a threshold condition, the transfer was of "an interest of the

debtor in property."  The Court holds that credit is not property of the estate. And therefore it is not

property in which the debtor has an interest.  Accordingly, the Court grants Defendant's Motion to

Dismiss.

## FACTS

This is an avoidance action commenced by the Trustee against the Defendant.  For purposes of

this decision only, the following facts are taken as proven.  On March 12, 2003, Debtor made a

payment of $9000 to the Ark of Little Cottonwood, Inc. ("the Ark"), by using his credit card account

with MBNA ("the payment"). The payment was on account of an antecedent debt owed by Debtor to

the Ark.  Debtor filed for bankruptcy relief under chapter 7 on May 27, 2003, 62 days after the

payment.  Debtor was insolvent at the time of the payment, and the Ark received more than it would

have received if the Ark were forced to participate in the chapter 7 case.  On April 13, 2005 the

Chapter 7 Trustee commenced this adversary proceeding to avoid the payment as a preference or, in

---

[1]Fed. R. Civ. Pr. 52 is extended to bankruptcy proceedings by Bankr. R. Pr. 7052.

the alternative, as a fraudulent transfer under 11 U.S.C. §§ 547 and 548.[2]  Ark subsequently filed a

Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)[3], asserting that Plaintiff cannot prove

there was a transfer of an interest of the Debtor in property as required by 11 U.S.C. §§ 547 and 548.

## JURISDICTION

The Court has jurisdiction over the parties and subject matter of this proceeding under 28

U.S.C. § 1334 (a) and (b) and 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(F).  Venue is proper in the

Central Division of the District of Utah under 28 U.S.C. 1409.

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of an adversary proceeding where

the complaint at issue fails to state a claim upon which relief can be granted.  A court should only

dismiss a case under Rule 12(b)(6) if the moving party can prove there is no set of facts under which

plaintiff might prevail.[4]

To avoid a transfer as preferential under § 547(b) or as fraudulent under § 548(a), the plaintiff

must first show, as a threshold matter, that the property transferred involved "an interest of the debtor in

property."  For purposes of the Ark's Motion to Dismiss, the parties dispute only whether the payment

constituted a "transfer of an interest of the debtor in property."  If the payment was not a transfer of an

interest of the debtor in property, no set of facts will allow Plaintiff to show the requisite elements of

---

[2]All statutory citations hereinafter are to the Bankruptcy Code under Title 11, unless otherwise specified.

[3]Extended to bankruptcy proceedings by Bankr. R. 7012(b)(2005).

[4]Conley v. Gibson, 355 U.S. 41 (1957).

either a preference or a fraudulent transfer.  Accordingly, the Court should grant the Ark's Motion to

Dismiss if the Court finds that the payment did not relate to an interest of the debtor in property.

The Bankruptcy Code does not define the term, "interest of the debtor in property."[5]

However, in <u>Begier v. IRS</u> the Supreme Court interpreted this term to coincide with the definition of

property of the estate under § 541.[6]  Under § 541(a)(1), "property of the estate" includes "all legal or

equitable interests of the debtor in property as of the commencement of the case."  The <u>Begier</u> Court

qualified the scope of § 541(a) for purposes of avoidance actions by noting, "[o]f course, if the debtor

transfers property that would not have been available for distribution to his creditors in a bankruptcy

proceeding, the policy behind the avoidance power is not implicated.  The reach of § 547(b)'s

avoidance power is therefore limited to transfers of 'property of the estate.'"[7]  Thus, even property that

might seem to fall under the broad scope of § 541(a)(1) is not considered property in which debtor has

an interest if the property would not have reduced to cash available for distribution in bankruptcy.  At

most, a debtor's credit constitutes merely potential wealth.  Creditors of an estate cannot force a debtor

to use credit to create liquidity available for distribution.  It is true that creditors benefit from a debtor's

---

[5] <u>Begier v. IRS</u>, 496 U.S. 53 (1990).

[6] <u>Id</u>. at 58 (stating that "'property of the debtor'...is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings").

[7] <u>Id</u>. at 58; <u>Manchester v. First Bank & Trust Co. (In re Moses)</u>, 256 B.R. 641 (B.A.P. 10th Cir. 2000)(stating that § 547(b) looks only to transfers of property which "diminished or depleted the Debtor's estate").

credit where the debtor elects to purchase property or borrow funds from a credit card account.[8]
However, credit on its own serves no immediate benefit to the estate in bankruptcy.[9]

Despite the broad scope of § 541, the payment at issue was not a transfer of property of the
estate. The payment constituted merely a transfer from MBNA to Ark. Debtor's estate was only
implicated by this transfer insofar as MBNA decreased the credit allowance under Debtor's credit card
account. Since the payment was a transfer of mere credit, and did not affect the amount of liquidity or
property available for distribution by the estate's creditors, the payment was not a transfer of an interest
of the debtor in property.

The Court is also persuaded by the policy underlying § 547 avoidance actions. In Begier, the
Court stated, "[e]quality of distribution among creditors is a central policy of the Bankruptcy
Code...[Section 547(b)] prevents the debtor from favoring one creditor over others by transferring
property shortly before filing for bankruptcy."[10] Preference actions are intended to avoid any injustice
resulting where one creditor receives more than other similarly situated creditors. But preference
actions are not a mandate for trustees to act as watchdogs against all injustice.[11]

---

[8]*See e.g* Yoppolo v. Greenwood Trust Co. (In re Spitler), 213 B.R. 995 (1997)(holding that use of borrowed funds constituted a preference because the funds constituted hard cash available for distribution to creditors).

[9]The Court is aware that this rule of law means property of the estate is dependant in large part on the actions of a debtor leading up to bankruptcy. However, in the situation where a debtor uses credit to take a loan, or to purchase property, an extra creditor joins the fray. In that situation, a benefit to the estate is countered by an additional burden. This balancing is not present on the facts of this case.

[10]Begier, 596 U.S. 58.

[11]The Court is sympathetic to the apparent injustice resulting from MBNA's substitution as a creditor of the estate with Ark's original position as a creditor. MBNA is free to pursue this situation on its own initiative.

The Court further declines to follow Plaintiff's suggestion that this case is governed by the so-called, "Earmarking Doctrine." The earmarking doctrine is a legal fiction created to deal with the situation where an "old creditor" is paid within the preference period by a "new creditor."[12]  Under this legal fiction, the payment of debt by the new creditor on debt owed by debtor is not considered the transfer of property of the estate.[13]  The earmarking doctrine was created to deal with the injustice resulting where the new creditor was independently obliged to pay the debtor's debt, and thus was required to pay the debt a second time after the original payment was avoided as a preference.[14]  The 10th Circuit Bankruptcy Appellate Panel held in In re Moses that the earmarking doctrine is limited to the situation involving a guaranteed debt, and should not be extended to meet situations other than co-debtors.[15]

The earmarking doctrine does not apply to this case.  MBNA was not independently obliged to pay the Ark.  If the payment to the Ark were avoided as a preference, the Ark could not recover the funds from MBNA a second time.

A motion to dismiss under Federal Rule 12(b)(6) is appropriate where, taking all facts in Plaintiff's complaint as admitted, Plaintiff would still lose on the merits of the case.[16]  As a threshold matter in an avoidance action under § 547 or § 548, Plaintiff must show that the payment was a transfer

---

[12]See 9B Am. Jur. 2d Bankruptcy § 1895 (2005).

[13]Id.

[14]In re Moses, 256 B.R. at 645-646.

[15]Id.

[16]Conley v. Gibson, 355 U.S. 41 (1957).

of an interest of the debtor in property.  The transfer of credit is not a transfer of property of the estate,

which is a critical element under §§547 and 548.  Therefore, even assuming the debtor was insolvent at

the time of the payment, Plaintiff cannot show that the payment was a preference or a fraudulent

transfer.

## CONCLUSION

Defendant's Motion to Dismiss should be granted.


_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS** will be effected through the Bankruptcy Noticing Center to each party listed below.

Elizabeth Rose Loveridge
David A. Nill
WOODBURY & KESSLER, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

George Pratt
Jerome Romero
JONES WALDO HOLBROOK & McDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

